## No. 402.

## John W. Willis v. John W. Wansley.

A party has no right to demand the nullity of a judgment rendered against him, because the attorney who acted on his behalf was without authority, after permitting that attorney to continue the litigation, and after taking the chances of a favorable judgment in this court.

APPEAL from the Twelfth Judicial District Court, parish of Franklin. *Crawford*, J. *Drake & Garrett*, for plaintiff and appellant. *H. P. Wells*, for defendant and appellee.

Wyly, J. The plaintiff sues to annul a judgment which the defendant obtained against him in September, 1870, on the ground of fraud and ill-practices by said defendant and his attorney, H. P. Wells.

The allegations, in substance, are: That Wansley sued Willis on a promissory note for $880 and interest: that Wansley allowed the suit to rest from term to term, his counsel (Wells) assuring Willis that the claim was extinguished by prescription, and that it was entirely unnecessary for Willis to employ counsel to defend the suit; that after he had thus lulled Willis into a feeling of perfect security that his case would either be abandoned or not prosecuted, he waited patiently until a judicial day of the district court should arrive, when Willis would be absent; that at last this auspicious moment arrived, in September, 1870, when this counsel of Wansley induced Colonel C. H. Morrison, upon the specious assurance that it was for Willis' benefit, to appear without any lawful authority as an attorney, and file for him the plea of prescription, which he declared to Morrison would dismiss the case; that Morrison fell into the trap so ingeniously set for him, filed the plea of prescription, when Wansley (whose presence or proximity was unknown to Morrison) suddenly made his appearance on the stand as a witness, and falsely swore that the claim had been taken out of prescription by the acknowledgment of Willis in 1863.

The answer is a general denial.

The court gave judgment for the defendant, and the plaintiff appealed.

In the suit which resulted in the judgment sought to be annulled, there was an answer filed for Willis, by his counsel, Farrar & Reeves, in which the general issue and the plea of usury were set up. These attorneys, however, were not present at the trial.

C. H. Morrison testifies that "when the case was called for trial, Captain Wells appeared for the plaintiff. No one appeared for the defendant. Captain Wells turned to me and asked me if I was not going to represent the defendant Willis. I told him no; that I had nothing to do with the case, had never been spoken to by Willis in relation to it. He then urged me to take up the case and attend to it for Willis, saying that I was attorney for Willis in most of his cases; that the counsel who were defending his suit were absent, and that he, Wells, was tired of the case and wished to have it disposed of; that there was nothing in it, and that Willis' defense was prescription, and that defense was good. I requested him to let the case stand over, that Mr. Willis was absent, but would be at home in a few days and before the court would adjourn, expressing at the same time a disinclination to do anything with the case, unauthorized as I was. * * * Captain Wells assured me there was nothing to be done in the case but to file the plea of prescription, which was good and must prevail, saying that he was tired of the case and wished to dispose of it. * * * Wells also told me that Willis told him he intended to plead prescription; and not doubting from what Wells told me that the plea was good and must prevail, I asked the court for time to prepare the plea, which I did, and filed it. The case was taken up immediately, when Captain Wells introduced the plaintiff, Wansley, as a witness, who testified, as will be seen by the evidence in the case. When I consented to file the plea of prescription, as above stated, I was not aware that the plaintiff, Wansley, was present, and did not believe from what Captain Wells had told me that an attempt would be made to make any proof to take the note out of prescription. The defendant, Willis, was not present."

This witness also testifies that he was not employed by Willis, and in explanation of his course he says: "After I found that judgment was rendered against the defendant I made an effort to obtain a new trial, but was disappointed. I then asked for and obtained an order for an appeal, and subsequently attended to the case in the Supreme Court."

Willis and Wells both gave evidence in the case, and their testimony conflicts as to the conversations which they had previous to the trial, and which Willis contends misled him and lulled him into security.

The judgment complained of was rendered in September, 1870, and the suit had been pending since August, 1866, four years.

On the seventeenth September, 1870, the day the judgment was signed, Willis arrived and was informed by Colonel Morrison that judgment had been rendered against him and the case was pending on an application for a new trial, which he hoped to get.

Willis, who knew all the facts of the case, as he testifies, in a short

time after the judgment was rendered, does not appear to have repudiated the acts of Morrison, who, as we have seen, appeared as counsel for him without being employed; on the contrary, he permitted Morrison to continue the litigation of the case until it was finally decided in the Supreme Court in July, 1871, nearly one year thereafter.

It was the duty of the plaintiff, for whom Morrison appeared as counsel without authority, to have repudiated his acts as soon as informed thereof. The fact that he permitted him knowingly to continue the litigation for nearly a year thereafter, until the final disposition of the case in this court, satisfies us of his ratification of the acts of Morrison in his behalf.

He had no right to demand the nullity of the judgment because the attorney who acted for him was without authority, after permitting that attorney to continue the litigation, and after taking the chances of a favorable judgment in this court. If the judgment of this court had been in his favor, it is quite evident that no objection would have been made, because if he did not rely on the defense made for him by Morrison, he would not have permitted him to take the appeal and continue the litigation. If dissatisfied, he would not have permitted the unauthorized defense to continue; he would have demanded the nullity of the judgment on the ground that the attorney had no authority to represent him.

We are constrained, however, to say that the conduct of H. P. Wells, attorney at law, in this matter is not approved by the court.

Judgment affirmed.